**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1010
_____

IN RE: RAJ K. PATEL,
                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. No. 1:23-cv-00797)

_____

Submitted Pursuant to Fed. R. App. P. 21
on January 18, 2024

Before: BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: February 2, 2024)

_____

_____

OPINION*
_____

**PER CURIAM**

Pro se petitioner Raj K. Patel seeks a writ of mandamus. Because Patel has not

demonstrated that he is entitled to such relief, we will deny his petition.

In July 2023, Patel filed a complaint in the District Court bringing claims against Al-

phabet Inc. and Google LLC. On January 4, 2024, the District Court dismissed his case

after screening it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), without leave to amend.

That same day, Patel filed a mandamus petition in this Court, requesting that we order

the Clerk of Court for the District of Delaware to enter a default judgment in his case. He

repeatedly requested a default judgment from the District Court before his case was dis-

missed and claims that the Clerk of Court for the District of Delaware should have en-

tered a default judgment without needing the District Court's approval. Patel also re-

quests that we reverse and vacate the District Court's decision dismissing his case. Patel

has since filed an appeal of the District Court's decision.

A writ of mandamus is a "drastic remedy" that may be granted "only in extraordinary

circumstances in response to an act amounting to a judicial usurpation of power." In re

Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). "Be-

fore a writ of mandamus may issue, a party must establish that (1) no other adequate

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

2

means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks and citation omitted).  Because Patel may raise on appeal any issues with the District Court's adjudication of his requests for a default judgment or its dismissal of his case, mandamus relief is not appropriate here.  See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."); Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal).

Accordingly, we will deny Patel's petition.[1]

---

[1]  In light of our disposition, Patel's pending motion is denied.